UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARKER, SMITH & FEEK, INC.,

        Plaintiff,

    v.

MICHAEL J. REPH, et al.

        Defendants.

C19-1456 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion for expedited discovery, docket no. 7, is DENIED. A party seeking expedited discovery prior to the Rule 26(f) conference must establish good cause. *See Exari Sys. Inc. v. Amazon Corp. LLC*, 2015 WL 12025325 at \*1 (W.D. Wash. May 4, 2015). In determining whether good cause exists, the court may consider: (i) whether a motion for a preliminary injunction is pending; (ii) the breadth of the proposed discovery requests; (iii) the purpose for seeking expedited discovery; (iv) the burden on the opposing party to respond to the requests; and (v) how far in advance of the Rule 26(f) conference the request for expedited discovery has been made. *Id.*; *see also Fluke Elecs. Corp. v. Cordex Instruments, Inc.*, 2013 WL 566949 at \*10 (W.D. Wash. Feb. 13, 2013). These factors do not weigh in plaintiff's favor. No motion for preliminary injunction is pending, and plaintiff has provided no reason why it cannot file such motion before conducting discovery. Plaintiff already has evidence concerning specific files that it alleges defendants improperly copied and took with them when they resigned. Plaintiff's proposed written discovery requests appear in part to merely seek confirmation of such information, which is not a proper function for expedited discovery. Plaintiff asserts that it needs to ascertain, before presenting a motion for preliminary injunction, whether defendants have plans to unfairly compete with plaintiff using its

MINUTE ORDER - 1

trade secrets or confidential or proprietary information and/or whether defendants intend to disclose such materials to third parties; however, the interrogatories and requests for production that plaintiff proposes to propound do not ask about defendants' plans or intent. The Court is not persuaded that plaintiff's proposed early discovery requests serve any purpose other than obtaining on an expedited basis the discovery that would ordinarily be conducted in this case. *See Fluke*, 2013 WL 566949 at *12 (discovery "the extent of the alleged harm" is "not a legitimate basis for expedited discovery because it merely attempts to substitute expedited discovery for normal discovery"). Although the Court has recently set a deadline of November 19, 2019, for a Rule 26(f) conference, nothing prevents counsel from conducting such conference in advance of the deadline and then commencing discovery.

(2) Plaintiff's request for a preservation order is also DENIED. The parties "owe an 'uncompromising duty to preserve' what they know or reasonably should know will be relevant evidence in a pending lawsuit even though no formal discovery requests have been made and no order to preserve evidence has been entered." *Id.* at *13 (quoting *United Factory Furniture Corp. v. Alterwitz*, 2012 WL 1155741 at *3 (D. Nev. Apr. 6, 2012)). Plaintiff has offered no evidence that defendants and their attorneys are ignorant of or have disregarded their responsibilities, and the Court assumes, in the absence of evidence to the contrary, that the litigants and the lawyers will continue to comply with their obligations.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of October, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2